UNITED STATES, Appellee,

v.

Mark R. KLINE, Equipment Operator Constructionman Apprentice, U. S. Navy, Appellant.

No. 41209/NA.
NMCM 80–3017.

U. S. Court of Military Appeals.

Aug. 30, 1982.

For Appellee: *Commander Richard A. Monteith*, JAGC, USN (argued); *Captain T. C. Watson, Jr.*, JAGC, USN, *Lieutenant William Eric Minamyer*, JAGC, USNR (on brief).

For Appellant: *Lieutenant Commander W. P. Caruthers*, JAGC, USN (argued).

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant was tried by military judge sitting alone as a general court-martial on three specifications of unauthorized absence, in violation of Article 86 of the Uniform Code of Military Justice, 10 U.S.C. § 886. Pursuant to his pleas of guilty, he was found guilty and sentenced to a bad-conduct discharge, confinement at hard labor for 8 months, total forfeitures, and reduction to the lowest pay grade. Because the convening authority concluded that the plea of guilty to one of the specifications

was improvident, he disapproved the findings and sentence and ordered a rehearing.

On June 20, 1980, a rehearing on the same three specifications took place before the same military judge, who again was sitting alone as a general court-martial.[1] Appellant pleaded guilty to the charge and two of the specifications; as to the third specification, he pleaded guilty by exceptions and substitutions. Pursuant to these pleas, the military judge found Kline guilty of three unauthorized absences aggregating 456 days and sentenced him to a bad-conduct discharge, confinement for 6 months, total forfeitures, and reduction to the lowest enlisted grade. In accord with a pretrial agreement—which apparently had been entered into after the first trial—the convening authority approved only so much of the sentence as provided for the bad-conduct discharge, total forfeitures, and reduction. The United States Navy-Marine Corps Court of Military Review affirmed and we granted review to consider appellant's complaint that the military judge "received and considered incompetent hearsay during sentencing in violation of paragraph 139a, Manual for Courts-Martial, 1969 (Rev.)." 12 M.J. 10 (1981).

I

Both at the first trial and the rehearing, the prosecution—without defense objection—offered into evidence portions of appellant's service record. Prosecution exhibit 1—appellant's "Enlisted Performance Record"—consisted of page 9 of Kline's record and reflected the various ratings that he had received during his enlistment as to these five traits: professional performance, military behavior, leadership and supervisory ability, military appearance, and adaptability. Prosecution exhibits 2, 3, and 4 were extracts of "Administrative Re-

marks" entered on page 13 of appellant's service record.

Several of the ratings given Kline—as reflected in prosecution exhibit 1—fell below 3.0 and so, under Naval directives, they were "adverse." See para. 2–4, Navmilperscominst 1616.1, August 10, 1979. Naval regulations require that "[a]dverse matter ... not be placed in ... [a sailor's service] record ... without his knowledge" and without an opportunity to make "such statement as he may choose ... If ... [he] does not desire to make a statement," then he should "state [this] in writing." Article 1110, United States Navy Regulations, 1973.

On its face prosecution exhibit 1 would appear to have been properly prepared. However, prosecution exhibits 2, 3, and 4 apparently were introduced by the Government—perhaps in an excess of caution—in order to show compliance with the requirements of Article 1110. Prosecution exhibit 3 (see appendix) was fully and correctly completed but the other two were not. While prosecution exhibit 2 contains entries purporting to advise Kline of his "adverse" ratings for July 31, 1978,[2] appellant's acknowledgement of this advice is unsigned and there is no indication on the form that he refused to sign. Moreover, this document does not contain a statement by appellant regarding these ratings, nor does it reflect that he declined to make a statement. Prosecution exhibit 4—concerning "adverse" ratings of May 31, 1977—is acknowledged by Kline's signature, but again there is no indication that appellant was advised of his right to make a statement or that he declined to make one.

Finally, appellant notes that, when his military performance rating of 1.0 was entered for July 31, 1978, he was an unauthorized absentee and that the Bureau of Naval

---

1. No challenge was made to the military judge and appellant again specifically requested trial by judge alone.

2. Two of the marks noted on prosecution exhibit 2—3.0 in professional performance and 3.0 in adaptability—are at variance with the marks on prosecution exhibit 1 to which they referred—2.8 in each instance.

Personnel Manual prescribes that, "[w]hen a member is . . . an unauthorized absentee on the date of evaluation," the "final military behavior evaluation shall be held in abeyance pending disposition of the case." *See* para. 3410150.8.a. Since the present court-martial constituted the disposition of that absence,[3] this entry, too, was not in accordance with departmental regulations.

## II

■ Paragraph 75*d* of the Manual for Courts-Martial, United States, 1969 (Revised edition), was the provision under which the prosecution offered these exhibits. At the time of appellant's court-martial, the trial counsel was allowed to present during sentencing proceedings any "[p]ersonnel records of the accused . . . made or maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused." Clearly, prosecution exhibits 2 and 4 do not meet this standard. Accordingly, they were inadmissible. *See United States v. Boles*, 11 M.J. 195 (C.M.A.1981).

■ In the absence of the other exhibits, the presumption of regularity would have sustained the admissibility of prosecution exhibit 1, which contains no defect on its face. However, when the other exhibits offered into evidence at the same time make clear that the entries on prosecution exhibit 1 were not made in accordance with regulations, that presumption is dispelled.

Nonetheless, the Government urges this Court to hold that appellant waived any evidentiary objection by his failure to object to the exhibits at trial. Indeed, at the time of trial paragraph 75*d* provided specifically that "[o]bjections" to records such as these "not asserted will be regarded as waived." However, in *United States v. Mack*, 9 M.J. 300, 321 (C.M.A.1980), we reminded:[4]

Under our decisions the failure to object to an official record [from the personnel records of an accused submitted under the provisions of paragraph 75*d*] because it was not completed as required by applicable regulations has not relieved the military judge of the duty to exclude the document. *United States v. Negrone*, . . . [9 M.J. 171 (C.M.A.1980)]; *United States v. Morales*, 1 M.J. 87 (C.M.A.1975).

■ Where nothing on the face of a document indicates that it has not been prepared in accord with regulations, the failure to object—and thereby to place the judge on notice—waives an objection that the document was not properly prepared. However, where, as here, a companion document introduced at the same time makes it clear that an exhibit was not prepared as required by applicable regulations, the judge was under an obligation *sua sponte* to exclude that document as incompetent hearsay. *See* para. 139*a*, Manual, *supra*.

## III

Although we conclude that prosecution exhibits 2 and 4, as well as the corresponding portions of prosecution exhibit 1, were inadmissible, it also is clear that appellant was not prejudiced by this error. In this connection, we acknowledge that Kline introduced significant evidence in extenuation and mitigation and that, both at the original trial and the rehearing, trial counsel stated that the Government was not specifically asking for a bad-conduct discharge but was leaving this to the discretion of the military judge. Furthermore, trial counsel in his argument on sentence emphasized the poor quality of appellant's performance of duty, as demonstrated by the ratings in his service record—ratings which we now hold were inadmissible. Nonetheless, when we consider that appellant was found guilty of three absences totaling approximately 15 months and that the sentence finally approved pursuant to

---

**3.** Specification 3 of the Charge.

**4.** Of course, *United States v. Mack*, 9 M.J. 300 (C.M.A.1980), was a case tried prior to the effective date of the Military Rules of Evidence.

the pretrial agreement extended only to a bad-conduct discharge, total forfeitures, and reduction to the lowest enlisted grade, we are convinced that Kline was not prejudiced by the military judge's error. In short, it is implausible that the court-martial would have adjudged a lesser sentence—which did not include a bad-conduct discharge—even absent the offending exhibits.

Accordingly, the decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judge FLETCHER concurs.

## APPENDIX

### ADMINISTRATIVE REMARKS SEE BUPERSMAN 5030420

SHIP OR STATION
USN MCB ONE FPO SAN FRANCISCO 96601

31JAN78: ASSIGNED 2.8 IN MILITARY BEHAVIOR
ADDITIONALLY, HE IS MARGINAL IN HIS DAY TO DAY MILITARY COURTESIES, BEARING AND TIMELINESS.

J. L. Dunphy
J.L. DUNPHY, PNC, USN
PERSONNEL OFFICER
1            BY DIRECTION

31JAN78: I ACKNOWLEDGE THAT I HAVE BEEN ASSIGNED THE MARK SHOWN ABOVE. I / DO NOT WISH TO MAKE A STATEMENT IN MY BEHALF.

Mark Richard Kline
MARK RICHARD KLINE

WITNESSED: J. L. Dunphy
J.L. DUNPHY, PNC, USN
PERSONNEL OFFICER

CERTIFIED TO BE A TRUE COPY. ATTEST
M. T. Hall
M.T. HALL, LT, JAGC, USNR

| NAME (Last, First, Middle) | SSN | BRANCH AND CA |
|---|---|---|
| KLINE, MARK RICHARD | 367–66–6926 | USN |

ADMINISTRATIVE REMARKS – NAVPERS 1070/613 (REV. 3–73) S, N 0106–018–6131    WSC 74 794 656/0771
PROSECUTION EXHIBIT 3

COOK, Judge (concurring in the result):

I concur in the result. *See* my dissenting opinion in *United States v. Boles*, 11 M.J. 195, 201 (C.M.A.1981).