**UNITED STATES, Appellee,**

v.

**Richard H. DYKE, Jr., Private, U.S. Army, Appellant.**

No. 44,535.

SPCM 17551.

U.S. Court of Military Appeals.

Nov. 7, 1983.

---

For Appellant: *Lieutenant Colonel R. Rex Brookshire II, Captain Thomas R. Peppler, Captain Joel R. Maillie* (on petition).

For Appellee: *Colonel R.R. Boller, Lieutenant Colonel John T. Edwards, Captain Arthur L. Passar, Captain Jessica A. Polley* (on petition).

*Opinion of the Court*

EVERETT, Chief Judge:

A special court-martial composed of officer and enlisted members acquitted appellant on charges of attempted possession and sale of amphetamines, alleged as a violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880, but found him guilty of wrongful appropriation of a government vehicle, in violation of Article 121, UCMJ, 10 U.S.C. § 921. He was sentenced to a bad-conduct discharge, as well as confinement and forfeiture of $367.00 pay per month for 6 months. The convening authority approved the findings and sentence; and the United States Army Court of Military Review affirmed. We granted review to consider whether the military judge erred by admitting into evidence a record of nonjudicial punishment despite the document's total lack of signatures. 15 M.J. 60 (1982).

During the presentence proceedings, the Government offered appellant's personnel qualification records into evidence as prosecution exhibits 10 and 11. Also, two records of nonjudicial punishment were offered as prosecution exhibits 12 and 13, without defense objection. Each nonjudicial punishment was for a failure to go to appellant's appointed place of duty and was recorded on DA Form 2627.

Prosecution exhibit 12, which reflects nonjudicial punishment for Dyke's failure to go to his appointed place of duty on January 29 and February 5, 1981, is complete on its face. Prosecution exhibit 13, however, contains no signatures—legible or otherwise—in any of the four places where normally a signature would have appeared: the commander had not signed to indicate that he had advised appellant of his rights; appellant had not signed to indicate whether he demanded trial by court-martial; the commander had not signed to attest the nonjudicial punishment that he was imposing; and appellant had not signed to indicate his election as to an appeal. In other respects, the document appeared to be complete.

In cases that arose prior to the Military Rules of Evidence, we held that the military judge had an obligation *sua sponte* to exclude a document that clearly did not comply with applicable regulations. *See, e.g., United States v. Kline,* 14 M.J. 64 (C.M.A. 1982); *United States v. Negrone,* 9 M.J. 171 (C.M.A.1980). Such a document would not qualify as admissible under any exception to the hearsay rule; and, because hearsay evidence was incompetent before the new rules were adopted, the record of nonjudicial punishment could not be considered despite a defense failure to object. *See United States v. Zone,* 7 M.J. 21 (C.M.A.1979); para. 139*a*, Manual for Courts-Martial, United States, 1969 (Revised edition).

We have suggested, however, that a different result might be required under the Military Rules of Evidence. *See United States v. Kline, supra* at 66 n. 4. Mil.R. Evid. 103(a)(1) provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless the ruling materially prejudices a substantial right of a party" and, "[i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context." On the other hand, Mil.R.Evid. 103(d) explains that "[n]othing in this rule precludes taking notice of plain errors that materially prejudice substantial rights although they were not brought to the attention of the military judge." Initially, we must ask whether the reception into evidence of prosecution exhibit 13 could have materially prejudiced Dyke with respect to the sentence. Since it was specifically relied on in the argument of trial counsel, we are persuaded that there is an appreciable risk that the court gave weight to it in the sentencing.

Our next question must be whether admission of the document was "plain error." Once again, we must give an affirmative answer. Admission of a document which has illegible signatures or where some blanks remain unfilled would usually not be a subject of appellate review if there was no objection at trial. However, a purported record of nonjudicial punishment which has no signatures whatsoever—including no signature by the commander, who purportedly imposed the punishment—is such a deviation from customary practice that to receive it into evidence constitutes plain error. Although the Military Rules of Evidence were intended to place additional responsibility upon trial and defense counsel, we do not believe that they meant to provide a license for slipshod performance by military judges. Prosecution exhibit 13 was so incomplete on its face that the judge should have excluded it on his own motion.

The decision of the United States Army Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for submission to that court for reassessment of the sentence in light of the evidentiary error.

Judges COOK and FLETCHER concur.