**UNITED STATES, Appellee,**

v.

**Specialist Four Milton R. LARKINS, 458–90–4555, United States Army, Appellant.**

**SPCM 21726.**

U.S. Army Court of Military Review.

12 Dec. 1985.

Released for Publication on 18 Dec. 1985.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Edwin D. Selby, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Howard G. Cooley, JAGC (on brief).

Before RABY, CARMICHAEL, and ROBBLEE, Appellate Military Judges.

## MEMORANDUM OPINION

RABY, Senior Judge:

Pursuant to his plea, appellant was convicted of two specifications of wrongful use of hashish, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. I 1983).

Appellant asserts that the military judge erred by admitting in evidence an incomplete record of nonjudicial punishment. Specifically, appellant contends that the record of nonjudicial punishment, Department of Army [hereinafter cited as DA] Form 2627, admitted as Prosecution Exhibit 4, is incomplete because it does not include certain matters which appellant had submitted in support of his appeal of this punishment.[1]

---

1. We have no evidence regarding the type of information that these documents contained. We will assume that it was favorable to appellant; however, because appellant's appeal was not granted, either in whole or in part, we also will assume that the missing information was not significant enough to affect the outcome of the appeal. We presume that both the commander who acted on the appeal and the judge advocate who advised him performed their offi-

We believe that appellant has waived this issue by failing to object in a timely manner to the document's admission at trial. Rule for Courts-Martial 1001(b)(2) ("Objections not asserted are waived."); *cf.* Military Rule of Evidence 103(a)(1); *United States v. Kline*, 14 M.J. 64, 66 (CMA 1982) (failure to object to personnel records containing no facial defect waives an objection that the documents were not properly prepared); *United States v. McLemore*, 10 M.J. 238, 240 (CMA 1981) ("[T]he defect lies in the failure of the forms to provide space for all the information which should be recorded in order to establish a basis for admissibility. Under these circumstances, the responsibility rests on defense counsel to interpose an objection—or else be subject to a waiver.")[2] *United States v. Green*, 21 M.J. 633, 636 (ACMR 1985), *citing United States v. Kline*, 14 M.J. 64.

Assuming *arguendo* that this issue was not waived, we nonetheless find appellant's contention to be without merit. Rule for Courts-Martial 1001(b)(2) pertinently provides:

> *Under regulations of the Secretary concerned* trial counsel may obtain and introduce from the personnel records of the accused ... evidence of any disciplinary actions including punishments under Article 15.

(Emphasis added).

Army Regulation 27–10, Legal Services: Military Justice [hereinafter cited as AR 27–10], para. 3–44*a* (1 July 1984), provides that:

> a. Records of proceedings and supplementary action under Article 15 recorded on DA Forms 2627 and 2627–2, previously or hereafter administered, may be used as directed by competent authority. Allied documentation transmitted with the original or copies of DA Forms 2627 and 2627–2, where filed with any of these forms, shall be considered to be maintained separately for the purpose of determining the admissibility of the original or copies of DA Forms 2627 or 2627–2 at courts-martial or administrative proceedings.

Appellant asserts that the above regulatory provision applies only to "allied matters" and not to "attached matters". Appellant is in error. It is our view that, for purposes of AR 27–10, para. 3–44*a*, the terms "attached matters" and "allied documentation" or "allied matters" are synonomous. In fact, this subparagraph ensures that records of nonjudicial punishment will not be deemed inadmissible in the presentencing procedure merely because an appellant's documentary submissions in support of an appeal are not affixed thereto.[3]

We also are prompted to state gratuitously that when a record of nonjudicial punishment, or other adverse personnel action, achieves administrative finality, it then enjoys a presumption of documentary regularity. We will not create new rules of documentary exclusion for these records

---

cial duties, in the disposition of the appeal, in a regular, lawful manner and in good faith. *Cf., United States v. Martinez,* 19 M.J. 744, 751 (ACMR 1984) ("Military officers are public officers and, as such, it also is presumed that they perform their official duties in a regular manner and in good faith, as well as in compliance with the law."), *pet. denied,* 21 M.J. 27 (CMA 1985).

2. We note defense counsel affirmatively waived an objection to Prosecution Exhibit 4, the record of nonjudicial punishment in question. The record of trial reflects the following dialogue:

M.J.: Objection to Exhibits 3 and 4?
D.C.: No, Your Honor.

3. Legitimate personnel considerations existed for this provision. Allied matters normally accompany only the original DA Forms 2627 for filing in the offender's Official Military Personnel Files, and normally should not be locally available in the offender's Military Personnel Records Jacket [hereinafter cited as MPRJ]. *See generally* AR 27–10, para. 3–37. One reason for this may have been to reduce the number of documents Army-wide which are to be filed in an MPRJ, thereby reducing the number of administrative personnel needed to maintain those files. Several other personnel nuances also probably exist which could prompt this provision. However, we believe there is no need to laboriously recount this ancient history at this time.

when the only real purpose that could be achieved therefrom is to facilitate a collateral attack on a record of nonjudicial punishment that otherwise is valid on its face.

The assignment of error is without merit.

The findings of guilty and the sentence are affirmed.

Judge CARMICHAEL and Judge ROBBLEE concur.