KEATING, Judge:
We have examined the record of trial, the assignments of error,[1] and the Government’s reply thereto, and we have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.
The appellant pled guilty to wrongful appropriation, wrongful use of a controlled substance, and wrongful possession of a false identification card. He was found guilty of all three offenses and sentenced to reduction to pay grade E-1, confinement for 2 months, and a bad-conduct discharge. The convening authority approved the sentence as adjudged and suspended all confinement in excess of 60 days in accordance with a pretrial agreement.
Notwithstanding his pleas of guilty, the appellant now argues that neither his appropriation of his roommate’s personal property nor his possession of a false identification card was wrongful. We do not agree. *617 As to the latter argument, it is immaterial who caused the inaccurate birth date to be entered on the identification card. The offense charged was possession of a card that he knew to be false. That is the offense to which he pled guilty and of which the military judge properly convicted him.
As to the wrongful appropriation of his roommate’s personal property, we have carefully considered the arguments of counsel, both written and oral, and the supplemental briefs filed after oral argument. The question presented is a novel one for which no direct precedent has been found. We conclude that the appellant’s conduct is sufficient to sustain a conviction for wrongful appropriation under Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. His plea of guilty was therefore provident.
At common law, and under many statutes based on it, the felonious taking that is an essential element of larceny must be followed by an asportation or carrying away of the property, however slight. 50 AM.JuR.2d Larceny, § 22 (1995). Some jurisdictions, however, do not require an actual carrying away of the property, but only that the taker exercise control over the property. Id. The U.S. Manual for Courts-Martial [herein after “the Manual” or “MCM”] has so provided since its initial promulgation in 1951. “As a general rule, however, any movement of the property or any exercise of dominion over it by any means is sufficient if accompanied by the requisite intent.” MCM, 1951, ¶ 200a(2) (iquoted in United States v. Tamas, 6 C.M.A. 502, 508, 20 C.M.R. 218, 224 (1955)).
Private Tamas was convicted of larceny of a pistol, even though he was apprehended immediately after secreting the weapon on his person. The U.S. Court of Military Appeals, citing the above quoted language, upheld the conviction because Private Tamas had “[f]or a measurable period of time, however slight ... full possession of, and actual dominion over, the pistol.” 6 C.M.A. at 508, 20 C.M.R. at 224 (emphasis added). The sentence quoted above from the 1951 Manual, except for the words “by any means,” remains in the Manual today. MCM, 1984, Part IV, ¶ 46(c)(1)(b).
The appellant exercised dominion over his roommate’s personal property when he placed the lock on his locker — which contained his roommate’s property — without his roommate’s consent and with the intention of temporarily depriving his roommate of the use and benefit of the property. Since it is not necessary under military law that the property be moved, the offense was complete an instant after he secured the locker.
Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.
Senior Judges ORR and WELCH concur.

. I. THE MILITARY JUDGE ERRED IN CONVICTING APPELLANT OF WRONGFUL APPROPRIATION BECAUSE APPELLANT DID NOT WRONGFULLY TAKE, OBTAIN, OR WITHHOLD HIS ROOMMATE’S CLOTHING.
II. APPELLANT’S CONVICTION OF WRONGFUL POSSESSION OF A FALSE IDENTIFICATION CARD SHOULD BE SET ASIDE BECAUSE THE INACCURACY ON THE IDENTIFICATION CARD WAS CAUSED BY THE PERSONNEL SUPPORT DETACHMENT AND NOT BY APPELLANT, WHICH NEGATES ANY ASPECT OF WRONGFULNESS.