UNITED STATES, Appellee

v.

**Tommie C. HUGHES, Private First Class U.S. Marine Corps, Appellant.**

No. 96–0007.
Crim.App. No. 95 0223.

U.S. Court of Appeals for
the Armed Forces.

Argued June 6, 1996.

Decided Sept. 24, 1996.

For Appellant: *Lieutenant C.J. McEntee,* JAGC, USNR (argued).

For Appellee: *Lieutenant Commander Nancy Blankenship Jones,* JAGC, USN (argued); *Colonel Charles W. Dorman,* USMC, *Commander D.H. Myers,* JAGC, USN, *Lieutenant Andrew J. Waghorn,* JAGC, USNR (on brief).

*Opinion of the Court*

ROBERTSON, District Judge [1]:

## I

Appellant pleaded guilty to charges of wrongful appropriation, wrongful use of marijuana, and wrongful possession of a false identification card, in violation of Articles 121, 112a, and 134, Uniform Code of Military Justice, 10 USC §§ 921, 912a, and 934, respectively. The military judge, sitting as a special court-martial at Twentynine Palms, California, accepted the pleas, convicted appellant of all charges with an exception as to the date of the Article 121 offense, and sentenced him to a bad-conduct discharge, 2 months' confinement, and reduction in grade. The convening authority approved the sentence but suspended confinement in excess of 60 days. The Court of Criminal Appeals affirmed findings of guilty as to the wrongful appropriation offense based on the "takings" prong, and not, as the military judge had found, the "withholding" prong, but otherwise affirmed the trial results. 43 MJ 618, 619 (1995).

We granted appellant's petition for review to determine the validity of his Article 121 conviction. 43 MJ 432.

The facts are undisputed. Appellant Hughes shared a barracks room with Lance Corporal Sheard. Although Hughes essentially lived off base, each man was assigned a wall locker in the barracks room. Sheard frequently stored his clothes and personal items in Hughes' locker. Hughes repeatedly asked Sheard to stop doing that, but Sheard persisted. On December 17th, before departing on holiday leave, Hughes changed the lock on his wall locker. He did so with the intent of "teaching a lesson" to Sheard and temporarily depriving Sheard of the use of his property.

## II

The Court's task, where the providence of a guilty plea is at issue, is to determine whether admissions made in the guilty-plea inquiry provide a factual basis sufficient to support the pleas. RCM 910(e), Manual for Courts-Martial, United States, 1984. If there is no factual support for the guilty plea, it must be set aside. *United States v. Higgins*, 40 MJ 67, 68 (CMA 1994); *United States v. Schwabauer*, 37 MJ 338, 341 (CMA 1993).

Hughes pleaded guilty to "wrongful appropriation" under Article 121(a), which provides for punishment of one

> who wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any money, personal property, or article of value of any kind . . .

> \* \* \*

> (2) with intent temporarily to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner. . . .

The military judge focused on, and convicted appellant under, the "withholding" prong of Article 121. The guilty-plea inquiry reflects the following exchange:

MJ: So he put those things in your wall locker?

ACC: Yes, Sir.

MJ: But you put a lock on there that he didn't have the ability to unlock?

ACC: Right, Sir.

> \* \* \*

MJ: Okay. So would it be more correct to say that you withheld this property from him?

ACC: Yes, Sir.

MJ: He put it in your wall locker, so basically it was sort of *in your possession*, in your room and in your wall locker, is that right?

ACC: Yes, Sir.

MJ: And then you withheld it from him by putting this lock on that he couldn't get into?

ACC: Yes, Sir.

---

1. Judge James Robertson of the United States District Court for the District of Columbia, sitting by designation pursuant to Article 142(f), Uniform Code of Military Justice, 10 USC § 942(f).

MJ: Okay. So when I told you earlier that the first element involved your wrongfully taking the property, *what's more accurate to say is that you wrongfully withheld it from him;* would that be correct?

ACC: Yes, Sir.

MJ: Okay. Okay. So, then, *on 17 December 1993, did you—or sometime before that, did you acquire possession of this property which is listed here on this charge sheet?*

ACC: Yes, sir.

MJ: *By it being placed in your wall locker?*

ACC: Yes, Sir.

MJ: And then you put a lock on it that Lance Corporal Sheard didn't have the combination to or a key to, *and thereby, you withheld it from his possession?*

ACC: Yes, Sir.

(Emphasis added.)

 The Court of Criminal Appeals treated the wrongful appropriation, not as "withholding," but as "taking," focusing on whether the "taking" had to be accompanied by asportation or carrying away in order to constitute a crime. The court below did not explain its focus on the "taking" prong, but it is clear that the record could not support a conviction under the "withholding" prong. The withholding of another's property, after lawfully acquiring its possession, is not wrongful in the absence of a fiduciary relationship between the parties. *United States v. McFarland,* 8 USCMA 42, 46, 23 CMR 266, 270 (1957); *see United States v. Wrenn,* 36 MJ 1188, 1191 (NMCMR 1993); Clark and Marshall, *A Treatise on the Law of Crimes* § 1206 at 842–43 (7th ed.1967). "A fiduciary relationship . . . is affirmatively created and built on trust and confidence. Central to its existence is a clear understanding of the respective rights of the two parties. . . ." *Wrenn,* 36 MJ at 1191. Plainly there was no fiduciary relationship between appellant and Lance Corporal Sheard. Indeed, such a relationship was affirmatively rejected by appellant, who made repeated requests to Sheard that he stop storing his property in appellant's locker.

The briefs and the oral argument in this Court focused on the "taking" element of the charged crime, just as the Court of Criminal Appeals had done, disputing the question whether both "asportation" and "dominion" were necessary in the context of this case to sustain a conviction. *See, e.g., United States v. Escobar,* 7 MJ 197, 199 (CMA 1979) (Asportation is a "necessary element" of a larceny.); *United States v. Tamas,* 6 USCMA 502, 508, 20 CMR 218, 224 (1955) (Almost any movement of property is sufficient asportation to support a conviction of larceny.); *United States v. Aldridge,* 2 USCMA 330, 332, 8 CMR 130, 132 (1953) (A larceny conviction is proved by the accused's possession of the property and an intent to deprive the true owner of its use and benefit.).

We find it unnecessary either to apply or to distinguish those cases. In our view this case does not turn on the "taking" element— asserted to be the changing of the lock—but on the "from the possession of" element— and on the fact that Sheard had already transferred possession of his property to Hughes when Hughes changed the lock.

The decisions of this Court that have wrestled with the concepts of dominion and asportation have unambiguously involved acts that brought about *changes* of possession. *See, e.g., Escobar,* 7 MJ at 197; *Tamas,* 6 USCMA at 508, 20 CMR at 224. In this case, the change of possession took place well *before* the act that was charged as unlawful, and it occurred because of Sheard's act, not Hughes'.

At oral argument, responding to a question from the bench about the possession element, government counsel asserted that Hughes' act of changing the lock operated to change the possession of the property from joint to exclusive. We find that argument unpersuasive. The Government's suggestion that Sheard and Hughes had joint possession of the contents of Hughes' locker is not established by appellant's statements or by anything else in the record. Indeed, it is positively refuted by the fact that Sheard put his

clothes and personal items in Hughes' locker *against Hughes' wishes.*[2]

Hughes' act of changing the lock on his own locker after Sheard had thrust property upon him was not a "taking" of the property "from the possession" of Sheard, and his improper motive did not make his act criminal. *See United States v. McCoy,* 5 USCMA 246, 17 CMR 246 (1954), which is cited and relied upon by the dissent. There, McCoy had found a wallet and kept it for a week to "teach ... [the owner] a lesson." The *McCoy* Court held that "teach[ing] a lesson" is "no sort of justification" for a criminal act. 5 USCMA at 248, 17 CMR at 248. We agree with that statement, of course, *see United States v. Kastner,* 17 MJ 11 (CMA 1983), but we disagree with the dissent's view that *McCoy* is controlling precedent here.[3] We disapprove of what Hughes did, but "motive is not an element of wrongful appropriation." *United States v. Kastner,* 17 MJ at 15.

Accordingly, we hold that the guilty pleas to wrongful appropriation cannot be sustained and that the sentence must be reassessed by the court below.

### III

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is reversed as to the Charge and its specification and the sentence. The findings of guilty thereon are set aside and that Charge is dismissed. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for reassessment of the sentence based on the remaining findings of guilty.

Chief Judge COX and Judge SULLIVAN concur.

GIERKE, Judge, with whom CRAWFORD, Judge, joins (dissenting):

I disagree with the majority's assertion that "[t]he Court of Criminal Appeals af-

firmed findings of guilty ... based on the 'takings' prong, and not, as the military judge had found, the 'withholding' prong." 45 MJ at 138. To the contrary, the Court of Criminal Appeals held that a taking is not necessary. That court recognized that "[s]ome jurisdictions ... do not require an actual carrying away of the property, but only that the taker exercise control over the property[,]" and that the "Manual for Courts–Martial ... has so provided since its initial promulgation in 1951." The court below then held as follows:

> The appellant exercised dominion over his roommate's personal property when he placed the lock on his locker—which contained his roommate's property—without his roommate's consent and with the intention of temporarily depriving his roommate of the use and benefit of the property. Since it is not necessary under military law that the property be moved, the offense was complete an instant after he secured the locker.

43 MJ 618, 619 (1995).

As the court below recognized, this is a wrongful withholding case, not a wrongful takings case. In my view, the military judge adequately developed the factual predicate for a wrongful withholding. Accordingly, I disagree with the majority's statement that, "it is clear that the record could not support a conviction under the 'withholding' prong." 45 MJ at 139.

I also disagree with the majority's statement that "[t]he withholding of another's property, after lawfully acquiring its possession, is not wrongful in the absence of a fiduciary relationship between the parties." 45 MJ at 139. *United States v. Wrenn,* 36 MJ 1188 (NMCMR 1993), cited as authority by the majority, is not binding on us, and in any event it involved significantly different facts: a refusal to return merchandise when a check uttered as payment was dishonored. The other cited authority, *United States v.*

---

2. If, hypothetically, there had been evidence of a prior agreement to share joint possession, such evidence might have helped to establish the fiduciary relationship necessary for a conviction of wrongful "withholding." *See United States v. McFarland,* 8 USCMA 42, 46, 23 CMR 266, 270

(1957). There was no such proof in this record, however.

3. The Court of Military Appeals analyzed the facts of *McCoy* under the "withholding" prong. 5 USCMA 246, 248, 17 CMR 246, 248 (1954).

*McFarland,* 8 USCMA 42, 23 CMR 266 (1957), is also inapposite, because it was a contested case, not a guilty plea, concerning sufficiency of the evidence where the accused did no more than receive stolen property. This case is most akin to *United States v. McCoy,* 5 USCMA 246, 17 CMR 246 (1954), where a guilty plea to wrongful appropriation by withholding found property was upheld. In my view, the majority's decision is inconsistent with *McCoy.*

Finally, assuming *arguendo* that the facts elicited during the plea inquiry do not amount to wrongful appropriation, I think they constitute "conduct prejudicial to good order and discipline" under Article 134, Uniform Code of Military Justice, 10 USC § 934. The majority fails to explain why a conviction of a lesser or closely related offense cannot be sustained. *See United States v. Hoskins,* 29 MJ 402, 405 (CMA 1990) (guilty plea to being drunk on duty improvident but held provident for "closely-related offense" of incapacitation for duty); *United States v. Hubbard,* 28 MJ 203, 206 (CMA 1989) (guilty plea to larceny upheld as larceny by withholding where accused received stolen property from actual thief).

I would affirm the decision of the court below. Accordingly, I dissent.