**UNITED STATES, Appellee,**

v.

**Private First Class Wade K. YONG, SSN 575–74–0394, United States Army, Appellant.**

**SPCM 18959.**

U.S. Army Court of Military Review.

10 Nov. 1983.

---

*tary Justice* paragraph 12–1a (1 September 1982).

Lieutenant Colonel William P. Heaston, JAGC, Major Edwin D. Selby, JAGC, and Captain Donna Chapin Maizel, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas J. Leclair, JAGC, and Captain Diana M. Brown, JAGC, were on the pleadings for appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

In accordance with his pleas, appellant was convicted of three specifications of unauthorized absence from his unit, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1976). Pursuant to a pretrial agreement, the convening authority approved the sentence of a bad-conduct discharge, confinement at hard labor for 115 days, forfeiture of $382.00 pay per month for four months and reduction to Private E–1, but suspended confinement in excess of three months.

The principal issue before us is whether the military judge erred by admitting photostatic copies of two records of nonjudicial punishment into evidence on sentencing even though the documents had not been maintained in appellant's personnel records in accordance with Army regulations. Paralleling this issue is the question of whether the court could consider the testimony of appellant's company commander that he had imposed nonjudicial punishment upon appellant as reflected by those documents. For the reasons set forth below, we hold that the military judge erred in admitting the records of nonjudicial punishment and by considering the company commander's testimony.

Appellant was stationed in Germany when he committed the offenses for which he was court-martialed. After he embarked on one of his later absences, he was dropped from the rolls of his unit as a deserter and, pursuant to standard procedures, his personnel records were sent to a repository in the United States. Upon his return to military control, appellant was ordered into pretrial confinement whereupon his defense counsel demanded a speedy trial. In accommodating this demand, the Government was unable to obtain appellant's personnel records from the records repository in time for trial. As a consequence, the Government could not obtain and present evidence of nonjudicial punishment received by appellant and purportedly contained in those records in compliance with paragraph 75b(2), Manual for Courts-

Martial, United States, 1969 (Revised edition) (Change 5, 1 April 1982). Instead, it introduced photostatic copies of two records of nonjudicial punishment which the unit legal clerk had maintained in a "unit file." Additionally, the company commander testified that the two documents correctly reflected what transpired during the nonjudicial punishment proceedings, and that the records probably had been placed in appellant's personnel files. The trial defense counsel made timely objections to both the documents and the company commander's testimony.

Admitting the documents, the military judge stated that he would attach little or no weight to them but would consider the company commander's testimony in adjudging the sentence.

■ The admission of the copies of the records of nonjudicial punishment which were maintained by the unit legal clerk was error. After findings of guilty have been announced, the trial counsel may present the accused's personnel records which reflect the character of his prior military service, including records of nonjudicial punishment. Manual for Courts-Martial, *supra,* paragraph 75*a*(1)(B) and *b*(2); Army Regulation 27–10, *Legal Services—Military Justice* paragraph 5–25*a*(4) (1 September 1982). However, such records are inadmissible if they are not made or maintained in accordance with departmental regulations. Manual for Courts-Martial, *supra,* paragraph 75 *b*(2); Army Regulation 27–10, *supra,* paragraph 5–25*a*. Since it was not established at trial that the records of nonjudicial punishment received by the appellant were made or maintained in accordance with departmental regulations, we hold that the military judge erred by admitting them into evidence over the appellant's objection.

■ Furthermore, we hold that it was improper to permit the Government, over defense objection, to present proof of the imposition of nonjudicial punishment by way of the commander's testimony. Our holding is based primarily upon our interpretation of the intention of the drafters of the Manual as reflected by the plain language of paragraph 75*b*(2). Records of nonjudicial punishment are part of the panoply of documentary evidence which "the trial counsel may obtain and introduce from the personnel records of the accused . . . ." Manual for Courts-Martial, *supra,* paragraph 75*b*(2). Moreover, the drafters of paragraph 75*d* of the Manual for Courts-Martial, United States, 1969 (Revised edition), the precursor to the current paragraph 75*b*(2), noted that the admission of data pertaining to the accused's past conduct and duty performance is limited "to items contained in official records and accordingly puts the accused on notice of what may be considered against him." Dept. of Army Pam. 27–2, *Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Revised edition)* 13–6 (July 1970). Finally, we have found no case law or other authority which would lead us to conclude otherwise. *See United States v. McGill,* 15 M.J. 242, 244 (C.M.A.1983).

Accordingly, the findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $382.00 pay per month for three months and reduction to Private E–1.

Senior Judge MOUNTS and Judge YAWN concur.