UNITED STATES

v.

Senior Airman Denny L. ELROD, FR 063–60–1608 United States Air Force.

ACM 24272.

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 Dec. 1983.

Decided 20 June 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

DECISION

KASTL, Senior Judge:

The evidentiary issue before us—admissibility of a record of nonjudicial punishment—arose during the presentencing portion of Senior Airman Elrod's general court-martial in England. The military judge, over defense objection, admitted a locally-held copy of an Article 15 record of nonjudicial punishment.[1] We find he erred and reassess the sentence.

Two provisions reveal which personnel records of an accused properly may be offered by the prosecution on presentencing. First, Paragraph 75*b* (2) of the Manual for Courts-Martial provides that:

*Under regulations of the Secretary concerned,* the trial counsel may obtain and introduce from the personnel records of the accused evidence of the ... character of prior service of the accused. Such evidence includes ... evidence of any disciplinary actions to include punishments under Article 15 .... Personnel records of the accused include all those records *made or maintained in accordance with departmental regulations* that reflect the past military efficiency, conduct, performance, and history of the accused .... (emphasis added)

Second, Paragraph 5–4 of Air Force Regulation 111–1, Military Justice Guide, 7 December 1983, provides that:

During the presentencing proceedings, personnel records or copies or summaries thereof, reflecting an accused's past conduct and performance *and maintained according to DAF directives* may be admitted in evidence. Such records are limited to those maintained by the Consoli-

---

1. Tried by general court-martial for three drug-related charges in violation of Article 134, U.C. M.J., 10 U.S.C. § 934, the accused was found guilty in accordance with his pleas. He was sentenced to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $382.00 per month for six months, and reduction to the lowest enlisted grade.

dated Base Personnel Offices (CBPO) and to those records of punishment under Article 15, U.C.M.J., imposed before sentence and not more than 2 years before the commission of any offense of which the accused stands convicted .... (emphasis added)

Here, the proferred evidence was a copy of the accused's nonjudicial punishment kept by the local Office of the Staff Judge Advocate. Trial counsel sought to authenticate this proffered data by offering: (a) a certification from the noncommissioned officer in charge of the local Military Justice Section that this was a true, accurate copy of the original forwarded for inclusion in the accused's personnel records; and (b) an electrical message from the Air Force Manpower and Personnel Center (AFMPC), verifying that the original Article 15 punishment indeed appeared in the accused's Master Personnel File.

 We hold that the Article 15 from the base legal office was not admissible. *United States v. Mercier*, 5 M.J. 866 (A.F.C.M. R.), *pet. denied*, 6 M.J. 157 (1978). Further, the evidence from AFMPC was insufficient for authentication in light of the clear wording of the applicable directives.[2] The exhibit should not have been admitted. The Air Force authored A.F.R. 111–1; and the Air Force must abide by its own directive. *See generally United States v. Brown*, 11 M.J. 263, 264 (C.M.A.1981), *United States v. Terrell*, 8 M.J. 705 (A.F.C. M.R.1980); *United States v. Yong*, 17 M.J. 671, 673 (A.C.M.R.1983).

We emphasize the limited degree to which evidentiary rules are relaxed under Paragraph 75 of the Manual for Courts-Martial. Specifically, such rules are relaxed "with respect to matters in extenuation or mitigation or both." *See* Para. 75*c* (3), M.C.M., 1969 (Rev.). A similar slackening of technical rules may occur either during prosecution rebuttal of defense evidence or during surrebuttal. *See* Para. 75 *d*, M.C.M., 1969 (Rev.). Contrariwise, *there*

is no authority to relax the rules of evidence as to presentencing matters initially offered by the prosecution. Furthermore, Mil.R.Evid. 1101(c) is no authority to relax the rules on sentencing beyond the parameters set out in paragraph 75*c* of the Manual. *See* Saltzburg, Schinasi & Schlueter, *Military Rules of Evidence Manual* 425 (1981).

To ensure that the accused was not prejudiced, we will reassess the sentence. Only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for six months, reduction to the lowest enlisted grade, and forfeiture of $300.00 per month for six months is approved.

The findings of guilty and the sentence, as reassessed, are

AFFIRMED.

---

**2.** We note that if the Article 15 from the files maintained by AFMPC had been properly authenticated, it would have been admissible under the provisions of para. 5–4, A.F.R. 111–1, above.