**UNITED STATES, Appellee,**

v.

**Private E1 Stephen D. ALFORD, 431–29–1884, United States Army, Appellant.**

**ACMR 8903901.**

U.S. Army Court of Military Review.

12 Feb. 1991.

---

For Appellant: Captain Alan M. Boyd, JAGC, Captain Michael J. Coughlin, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC (on brief).

Before NAUGHTON, GRAVELLE and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

█ Contrary to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of two specifications of assault consummated by a battery, disorderly conduct, and communicating a threat, in violation of Articles 128 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 928 and 934 (1982). The appellant was sentenced to a dishonorable discharge, confinement for eighteen months, and forfeiture of all pay and allowances for eighteen months. The convening authority approved only so much of the sentence as provides for a dishonorable discharge, confinement for seventeen months and fifteen days, and forfeiture of all pay and allowances for eighteen months.[1]

### I

The appellant asserts that the evidence is insufficient as a matter of law to support his conviction for communicating a threat. We disagree.

█ The appellant was a post-trial prisoner at the Fort Carson Installation Detention Facility when he became involved in several instances of misconduct which are the subject of this case. In one incident, the appellant struck another inmate, Private (PVT) Ciotti, with his fists and grabbed him around the throat following an argument over which football game to watch on television. According to the testimony of PVT Ciotti, after the assault the appellant told him, "[I]f I mentioned anything of this to any of the guards, about the incident, that he would put me in a body bag at Evans Community Hospital."

Although the words of the appellant impose a condition, the appellant had no right to impose such a condition. *See United States v. Holiday*, 16 C.M.R. 28, 33 (C.M.A. 1954). Moreover, the condition was not hypothetical or impossible. *See United States v. Shropshire*, 43 C.M.R. 214 (C.M.A.1971). This threat to injure PVT Ciotti expressed a clear present determination to injure, and consequently the threat was not negated by the conditional language. *Holiday*, 16 C.M.R. at 33. The appellant's actions at the time the words were spoken were sufficient to cause PVT Ciotti to believe that he was being threatened. *United States v. Humphrys*, 22 C.M.R. 96 (C.M.A.1956). After viewing the evidence in the light most favorable to the government, we find that the military judge could have found beyond a reasonable doubt the essential elements of the offense of communicating a threat. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Reviewing the evidence in the record of trial for factual sufficiency, and making allowances for not having personally observed the witnesses, we are convinced of the appellant's guilt beyond a reasonable doubt. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Turner*, 25 M.J. 324, 325 (C.M.A.1987).

### II

During the presentencing proceedings, the government offered into evidence, *inter alia*, Prosecution Exhibit (P.E.) 5, a certified copy of the appellant's correctional treatment file which had been maintained at the detention facility. The trial defense counsel did not object, and the

---

1. We note that the approval of total forfeitures for a period exceeding the period of confinement is contrary to Manual for Courts-Martial, United States, 1984 [hereinafter MCM, 1984], Rule for Courts–Martial [hereinafter R.C.M.] 1107(d)(2) discussion. *See United States v. Warner*, 25 M.J. 64 (C.M.A.1987).

exhibit was admitted. After announcing the sentence, the military judge stated, "In imposing this sentence I took into account the disciplinary action taken against the accused for the incidents he has reflected in his correctional treatment file, Prosecution Exhibit number 5."

The appellant now contends that the military judge erred in admitting into evidence P.E. 5, and failed to *sua sponte* purge the exhibit of documents containing uncharged misconduct and irrelevant material. We disagree.

■ Absent an objection to this evidence at trial, any error by the military judge was waived. *See* R.C.M. 1001(b)(1) and M.R.E. 103(a); *cf. United States v. Fontenot*, 29 M.J. 244, 248 (C.M.A.1989) (in light of the defense objection at trial, documents similar to those contained in P.E. 5 were found to be inadmissible). We further find that any such error does not rise to the level of "plain error." *United States v. Fisher*, 21 M.J. 327 (C.M.A.1986).

### III

■ One other matter which was not raised as an error, but which we need to discuss involves the sufficiency of the government's evidence to support the appellant's conviction of disorderly conduct by engaging in horseplay and running to get to the front of the "chow" line. We find the appellant's conduct does not comport with the definition of the crime.

■ In order to convict the appellant of disorderly conduct, the government had to prove beyond a reasonable doubt two elements, *i.e.*, that he was disorderly and, that under the circumstances, his conduct was prejudicial to good order and discipline. Disorderly conduct is defined in the MCM, 1984, Part IV, para. 73c(2), as "conduct of such a nature as to affect the peace and quiet of persons who may witness it and who may be disturbed or provoked to resentment thereby. It includes conduct that endangers public morals or outrages public decency and any disturbance of a *contentious or turbulent character.*" (Emphasis added).

The government witness, a confinement facility guard who uses a television monitor to observe prisoners lining up for mess call and roll call, concluded that the appellant and another prisoner were involved in "a pushing and a shoving match which is disruptive." He testified that he finally realized that the men were merely racing to see who could be first in the chow line. The guard admitted that this type of conduct was a frequent occurrence. He also admitted that after he left his television monitor and arrived on the scene he perceived the charged conduct to be "horseplay." The defense presented testimony from another guard that a substantial amount of "horseplay" went on at the facility.

■ On these facts we are not convinced beyond a reasonable doubt that the conduct was "disorderly" as defined by the MCM, 1984, or that it was prejudicial to good order and discipline. Article 134, UCMJ, is not "such a catchall as to make every irregular, mischievous, or improper act a court-martial offense." *United States v. Sadinsky*, 34 C.M.R. 343, 345 (C.M.A.1964). The conduct proscribed by the general article must be easily recognizable as criminal and must have a direct and immediate adverse impact on discipline. *United States v. Stocken*, 17 M.J. 826, 829 (A.C.M.R.1984). In our view, horseplay between two prisoners trying to be the first to the front of a chow line does not meet the definition of a "disturbance of a contentious or turbulent character" that is prejudicial to good order and discipline. The term "to the prejudice" of good order and discipline "is to be understood *directly* prejudicial, not *indirectly* or *remotely....*" W. Winthrop, *Military Law and Precedents* 722 (2d ed. 1920 Reprint).

Even though the conduct at issue in this case occurred in a confinement facility, the label applied to the incident by a prison guard is not controlling. Although the guard thought that he observed on his monitor a disturbance of a contentious character, we are satisfied that an objective observer would have realized the non-criminal nature of the conduct. While the con-

duct here may violate the prison operating procedures (*i.e.*, the Prisoner Handbook published by the military police captain in command of the facility) and thus subject the prisoner to administrative penalties, it does not rise to the level of criminal conduct for which criminal penalties may be imposed. Accordingly the record does not contain sufficient evidence to sustain the appellant's conviction for disorderly conduct.

The remaining assignment of error relating to the appropriateness of the appellant's sentence was considered and found to be without merit.

The finding of guilty of Specification 1 of Charge III is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for seventeen months and fifteen days, and forfeiture of all pay and allowances for seventeen months and fifteen days. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).