UNITED STATES, Appellee,

v.

Private First Class Joel H. STRICK-LAND, 437–49–8704, United States Army, Appellant.

ACMR 9102872.

U.S. Army Court of Military Review.

20 Nov. 1992.

For Appellant: Lieutenant Colonel James H. Weise, JAGC, Captain Robin N. Swope, JAGC, Captain Kurt J. Mayer, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Major Timothy W. Lucas, JAGC (on brief).

Before CREAN, GONZALES, and DELL'ORTO, Appellate Military Judges.

## OPINION OF THE COURT

DELL'ORTO, Judge:

The appellant, pursuant to his pleas, was found guilty by a military judge sitting as a general court-martial of wrongful possession of amphetamines, wrongful possession of hashish, wrongful possession of lysergic acid diethylamide (LSD) with intent to distribute, and wrongful use of amphet-

amines, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. V 1987) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for twelve years, forfeiture of all pay and allowances, and reduction to Private E1. In compliance with a pretrial agreement, the convening authority reduced the confinement to two years but otherwise approved the adjudged sentence.

The appellant asserts that the military judge and convening authority erred by failing to credit him for nonjudicial punishment he had earlier received for the offense of wrongful use of amphetamines. He specifically requests that he receive 53 days' credit against his sentence to confinement and credit for one month's forfeiture of pay against his sentence to forfeitures. The government, while not conceding the validity of the appellant's claim, nevertheless concurs in the appellant's requested relief. We agree with the appellant's assertion of error and, in part, with his prayer for relief.

The appellant received field grade nonjudicial punishment in the form of 45 days' restriction, 45 days' extra duty, forfeiture of $463.00 pay per month for two months, and reduction from specialist to private first class for use of amphetamines. When other drug offenses came to light after the imposition of non-judicial punishment, this amphetamine use became the subject of the Additional Charge. All parties to the court-martial recognized this to be the case. During the providence inquiry, the military judge stated that he would consider the appellant's nonjudicial punishment when he later determined the appellant's sentence. The record of the appellant's nonjudicial punishment was admitted into evidence as a prosecution exhibit without objection. The military judge made no mention of the nonjudicial punishment at the time he announced the appellant's sentence nor when he advised the appellant of the impact the pretrial agreement would have on the adjudged sentence. Although the acting staff judge advocate advised the convening authority in his post-trial recommendation that the appellant had received nonjudicial punishment for amphetamine use, he did not identify that use as being the same use charged in the Additional Charge at the appellant's court-martial. The trial defense counsel failed to point out this omission in her petition for clemency.

Although a soldier may be tried by a court-martial for a serious offense for which he has already been nonjudicially punished, he cannot be punished twice for that same offense. *United States v. Pierce*, 27 M.J. 367, 369 (C.M.A.1989). Thus, the appellant could be tried for the use of amphetamines, but he could not be again punished for such use. Where an appellant has been so punished, he "must be given *complete* credit for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-for-stripe." *Id.* (emphasis in original). This Court has the power to "adjust the appellant's sentence to assure that he was not twice punished." *Id.* at 369–70.

Since the military judge did not state that he had given a specific quantifiable credit for the prior punishment in arriving at the appellant's sentence, we are left to speculate whether he had provided such credit. Where we are unsure of the military judge's intent, we must resolve the question in favor of the appellant.[1] We, as appellate defense and government counsel request, adopt the formula suggested by the Court of Military Appeals in *Pierce* in fashioning the appellant's relief. *Id.* at 369 n. 5. We note, however, that as the appel-

---

1. In his dissent, Judge Gonzales correctly points out, as does the majority, that the military judge indicated that he would consider the appellant's earlier nonjudicial punishment in arriving at an appropriate sentence. This, however, is precisely the type of uncertainty that *Pierce* was intended to correct. As this Court has previously stated, "If the military judge is the sentencing authority and, notwithstanding the Court of Military Appeals' avowed preference [to place the responsibility for ensuring that credit is given with the convening authority], decides to give credit, the judge must specifically state the manner in which credit was calculated, not merely that the nonjudicial punishment was considered in mitigation." *United States v. Pierce*, 28 M.J. 1040, 1042 n. 1 (A.C.M.R.1989) (reassessing sentence on remand).

lant's term of service had expired at the time of his court-martial, he was not entitled to pay that may now be returned to him. Dep't of Defense, Military Pay and Allowances Entitlements Manual, para. 10317c (9 Mar. 1987). Accordingly, in lieu of adjusting the appellant's sentence to forfeitures and in the interests of justice, we will further reduce his sentence to confinement.

■ We also hold that it was error for the record of the appellant's nonjudicial punishment to be admitted into evidence and for the stipulation of fact to refer to that episode of nonjudicial punishment. *Id.* at 369. We hold, however, that based on the facts of this case, the appellant suffered no prejudice as a result.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the Court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for twenty-one months, forfeiture of all pay and allowances, and reduction to Private E1.

Senior Judge CREAN concurs.

GONZALES, Judge, dissenting:

I dissent. A further reduction in the sentence would be an unwarranted windfall for the appellant, given the circumstances of this case.

The record reflects that the military judge was keenly aware of the nonjudicial punishment the appellant previously received for the offense that subsequently became the Additional Charge. After ascertaining the specifics of the punishment from the appellant during the providence inquiry, and that none of the punishment had been set aside or restored to the appellant, the judge indicated in the clearest terms that the nonjudicial punishment "must be considered and will be considered by the court in determining appropriate punishment." Both the appellant and his civilian defense counsel indicated that they understood the judge's intentions on sentencing.

All parties subsequently agreed that the maximum punishment for the offenses of which the appellant was found guilty was a dishonorable discharge, confinement for 22 years, total forfeitures, a fine, and reduction to Private E1. When the judge announced the sentence, neither the government nor the defense found it necessary to ask the judge if he had, in fact, considered the appellant's prior nonjudicial punishment as he had stated he would do and, if so, to affirmatively explain on the record how it was considered in arriving at the sentence. Nor did the defense subsequently raise this question with the convening authority before he took action in this case.

Since the adjudged sentence was substantially less than the maximum punishment and the extenuation and mitigation evidence limited to only Defense Exhibits A through H, I am convinced the judge gave the appellant "complete credit for any and all nonjudicial punishment suffered." There is no evidence to support the appellant's contention that he failed to do so.

Even if there was evidence that the judge did not give credit, the appellant must have realized that his own assessment of what he considered a fair and appropriate sentence, as expressed in his pretrial offer to plead guilty, would be significantly better than the adjudged sentence less any credit the judge gave for the prior nonjudicial punishment. Therefore, it does not make judicial sense for this Court to reassess the *approved* sentence because the majority is inclined to speculate and are unsure whether the judge really provided credit on the *adjudged* sentence.

Rather than speculate, I believe the better approach is to follow the first remedial action the Court of Military Appeals suggested in *Pierce*—obtain an explanation from the judge on how he calculated credit for the nonjudicial punishment.

Otherwise, I would deny the appellant's request for further relief on his approved sentence.