UNITED STATES, Appellee,

v.

Private First Class Jared BRONSON,
518–88–5696, United States Army,
Appellant.

ACMR 9300295.

U.S. Army Court of Military Review.

18 June 1993.

For Appellant: Captain Michael E. Smith, JAGC, Captain Christopher W. Royer, JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph A. Russelburg, JAGC.

Before De GIULIO, WALCZAK, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of a violation of a lawful general regulation and aggravated assault, in violation of Articles 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 928 (1988). The military judge sentenced him to confinement for fifteen months, total forfeitures, and reduction to Private E1. In compliance with a pretrial agreement, the convening authority suspended confinement in excess of twelve months for twenty-four months but otherwise approved the sentence.[1]

■ This case was submitted to this court with a non-meritorious jurisdictional issue. *See United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* — U.S. —, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993) (92–1482). This court noted, however, based on the staff judge advocate's recom-

---

1. Based upon the staff judge advocate's recommendation, the convening authority at first merely approved the sentence as adjudged without suspending any portion of the fifteen months of confinement. However, the pretrial agreement provided that "[t]he convening authority could approve any lawful punishment adjudged by the court," but "[w]ill suspend any approved confinement in excess of twelve (12) months for a period of twenty-four (24) months...." Therefore, again based upon the advice of his staff judge advocate, the convening authority withdrew his action and substituted an action suspending the confinement in excess of twelve months in accordance with the pre-

trial agreement. Had the agreement been in the traditional form setting forth all the elements of the sentence limitation; i.e., discharge, confinement, forfeitures, and reduction, the convening authority need not have suspended the confinement. *See United States v. Brice,* 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967) (The doctrine that a pretrial agreement operates as a limitation on the divisible portions of a sentence is rejected. Convening authority's commutation per a pretrial agreement is to be measured by whether the sentence, considered as a whole, is less severe than that set forth in the agreement). *See also United States v. Cowan,* 34 M.J. 258, 260 (C.M.A.1992).

mendation, that appellant was retained on active duty and more than two-thirds forfeiture of pay per month was incorrectly approved for a period exceeding that of the period of confinement. *See United States v. Warner*, 25 M.J. 64 (C.M.A.1987) (the Court of Military Review should not approve total forfeitures when confinement is not adjudged); *United States v. Hatchell*, 33 M.J. 839, 840 (A.C.M.R.1991) (the convening authority erred by approving forfeitures in excess of two-thirds pay per month for the period accused is not confined); *United States v. Alford*, 32 M.J. 596, 597 n. 1 (A.C.M.R.1991), *aff'd*, 34 M.J. 150 (C.M.A. 1992). Forfeitures greater than two-thirds pay per month cannot be approved for a period when confinement has been approved but suspended. *United States v. Hicks*, 26 M.J. 935 (A.C.M.R.1988).

The remaining assignments of error, to include the error personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty are affirmed. The portion of the sentence which provides for forfeitures is amended to provide for forfeiture of all pay and allowances while appellant is confined pursuant to the sentence of this court-martial and, after appellant is released from confinement, forfeiture of $543.00 pay per month for every month of the remainder of his sentence but not to exceed fifteen months. *See Warner*, 25 M.J. at 67. As amended, the sentence is affirmed.

Judge WALCZAK and Judge GONZALES concur.