UNITED STATES, Appellee,

v.

Private E1 Molly K. FLYNN, 490–92–1156, United States Army, Appellant.

ACMR 9301866.

U.S. Army Court of Military Review.

28 Feb. 1994.

---

3. R.C.M. 803.

For Appellant: Major Robin L. Hall, JAGC, Captain Don F. Pollack, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Kenneth T. Grant, JAGC, Captain Louis E. Peraertz, JAGC (on brief).

Before CREAN, MORGAN, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

GONZALES, Judge:

Pursuant to her pleas, the appellant was found guilty by a military judge sitting as a general court-martial, of larceny, wrongful appropriation, and obtaining long distance telephone services under false pretenses in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934 (1988) [hereinafter UCMJ]. The appellant was sentenced to a dishonorable discharge, confinement for twenty-five months, and forfeiture of all pay and allowances. In compliance with the terms of a pretrial agreement, the convening authority suspended confinement in excess of fifteen months for one year, but otherwise approved the sentence as adjudged.

Before this court, the appellant asserts that the convening authority failed to grant proper credit on the appellant's approved sentence for prior loss of liberty punishments the appellant received pursuant to Article 15, UCMJ. We disagree and affirm.

Prior to announcing the sentence, the military judge noted that the appellant had served nonjudicial punishment for most of the offenses for which she was convicted at trial. This punishment consisted of 45 days extra duty, 45 days restriction, forfeiture of $411.00 pay per month for two months and reduction from Private First Class to Private E1. The military judge received assurances from the trial counsel that the forfeitures and reduction in rank would be restored to the appellant.[1] Then, pursuant to *United States v. Pierce*, 27 M.J. 367 (C.M.A.1989), the military judge awarded the appellant two months credit for the extra duty and restriction towards the adjudged sentence to confinement. He reduced his initially announced period of confinement of twenty-seven months to twenty-five months.

In order to avoid double punishment for the same offenses, an accused must be given complete credit for any and all nonjudicial punishments served: day-for-day, dollar-for-dollar, and stripe-for-stripe. *Id.* at 369. When the military judge is the sentencing authority, this court has indicated the approach to be taken in order to comply with the *Pierce* mandate. The military judge will announce the sentence and then state on the record the specific credit that he is giving for the prior nonjudicial punishment in arriving at the adjudged sentence. *United States v. Pierce*, 28 M.J. 1040, 1042 n. 1 (A.C.M.R. 1989) (reassessing sentence on remand). We disagree with the appellant's assertion that *Pierce* stands for the proposition that in circumstances where a military judge awards credit for nonjudicial punishment on the adjudged sentence, and the punishments still exceeds the limitation of punishments in a pretrial agreement, that the convening authority has a duty to again award credit on the approved sentence. We hold that *Pierce* was satisfied when the military judge gave two months' credit on the adjudged sentence.[2]

The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge MORGAN concur.

1. Our review of the record and its allied papers persuades us that the forfeitures and reduction in rank were restored to the appellant prior to action by the convening authority.

2. In *United States v. Strickland*, 36 M.J. 569 (A.C.M.R.1992), we reassessed the approved sentence only because we were not convinced that the military judge had, in fact, given the *Pierce* credit on the adjudged sentence. In the instant case, we have no doubt that the military judge satisfied the *Pierce* requirements.