OPINION OF THE COURT
BAKER, Judge:
Pursuant to his pleas, the appellant was found guilty of attempted violation of a lawful general regulation, conspiracy to violate a lawful general regulation, desertion, absence without leave, violation of a lawful general regulation, and impersonating a noncommissioned officer, in violation of Articles 80, 81, 85, 86, 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 885, 886, 892 and 934 (1988) [hereinafter UCMJ]. A military judge sitting as a general court-martial sentenced him to a dishonorable discharge, confinement for twenty-seven months, and forfeiture of all pay and allowances. The convening authority approved the adjudged sentence but, in accordance with a pretrial agreement, suspended confinement in excess of seven months for twelve months. The convening authority also directed 238 days of credit against confinement.
*900 The appellate defense counsel now asserts that the convening authority erred by failing to grant the appellant meaningful relief for time served in excess of his approved sentence and by approving a sentence including total forfeitures when the adjudged sentence resulted in suspended confinement. The government concedes error on both issues. We find merit in the second issue but not in the first.
The appellant had been in pretrial confinement for ninety-eight days when his sentence was announced. For this reason he was automatically entitled to ninety-eight days of credit against his sentence pursuant to United States v. Allen, 17 M.J. 126 (C.M.A.1984). The military judge also ordered 140 days of administrative credit. Two of these days involved a delay in the magistrate’s review of pretrial confinement and were ordered pursuant to Rule for Courts-Martial 305(k) [hereinafter R.C.M.]. The remaining 138 days were ordered pursuant to United States v. Suzuki 14 M.J. 491 (C.M.A.1983), based on a finding of pretrial punishment in violation of R.C.M. 304(f).[1]
Determining how credit is to be applied can be problematic. Allen and R.C.M. 305(k) prescribe credit against the adjudged sentence. Suzuki however, indicates that credit is to be applied against the approved sentence. In eases where a convening authority suspended a portion of the approved confinement there is authority for credit against the unsuspended portion of the approved sentence. See, e.g., United States v. Strickland, 36 M.J. 569 (A.C.M.R.1992) (credit for nonjudicial punishment). But see United States v. Flynn, 39 M.J. 774 (A.C.M.R.1994) (suggesting credit for nonjudicial punishment need not be applied against unsuspended confinement or even the approved sentence when it is clear the military judge awarded credit on the adjudged sentence).[2]
We accept the appellate defense counsel’s calculation that the 238 days of credit directed by the convening authority amounts to 7 months and 25 days. Neither the pretrial agreement nor the military judge’s post-sentencing discussion with counsel addressed whether this credit would be applied “upfront” against unsuspended confinement or would merely reduce suspended confinement (or some complex arrangement based on “type” of credit). However, we need not decide in this case when credit should have been given because the issue is moot; the appellant was released from confinement immediately after his court-martial. Essentially, he received seven months of actual “upfront” credit and a twenty-five-day reduction of suspended confinement. The alternative, providing a seven month and twenty-five-day reduction in suspended confinement, would have been far less meaningful. The appellant would have been somewhat less concerned about suspended confinement because the amount suspended would have been less. However, he would have received actual credit only if the suspension were vacated.
Although providing up-front relief for the seven months was appropriate, we find that the twenty-five “excess” days are meaningfully, albeit marginally, provided for in the reduction of the period of approved confinement the appellant must serve if his suspension is vacated. The appellate defense counsel is correct in pointing out that R.C.M. 305(k) provides for alternatives when the adjudged confinement is insufficient to offset all *901 credit. In the appellant’s case, however, the adjudged (and the approved) confinement is sufficient to offset credit. Providing full pay for twenty-five days, the requested relief, would clearly give the appellant a windfall.
We agree with appellate counsel as to the second assertion of error. Forfeitures may not exceed two-thirds pay per month during periods of a sentence when an accused is not in confinement. See United States v. Warner, 25 M.J. 64 (C.M.A.1987).[3]
Citing United States v. Bronson, 37 M.J. 707 (A.C.M.R.1993), the appellate defense counsel requests that we disapprove any forfeitures over two-thirds pay per month for twelve months (less twenty-five days). This is not entirely consistent with Bronson, which provides for reduced forfeitures starting after release from confinement and continuing through the remainder of the adjudged sentence. In any case, we are uncomfortable with an approach which would allow an appellant to receive pay even if his suspension is vacated and he is returned to confinement.[4] Accordingly, we will provide for reduced forfeitures only when the appellant is not confined.
The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for dishonorable discharge, confinement for twenty-seven months, forfeiture of all pay and allowances during periods the appellant is confined pursuant to this sentence, and forfeiture of $543.00 pay per month during periods in which confinement is suspended.*
Senior Judge GRAVELLE and Judge JOHNSTON concur.

. R.C.M. 1107(f)(4)(F) only required the convening authority to direct the two days of 305(k) credit in the action. Directing 98 days of Alien credit was not consistent with current practice and potentially confusing; confinement authorities are well aware of actual pretrial confinement and do not ordinarily see it reflected in the action. On the other hand, directing 138 days of Suzuki credit, although not required by R.C.M. 1107(f)(4)(F), ensured that the military judge's decision to direct credit for pretrial punishment came to the attention of appropriate authorities. We suggest the Code Committee established under Article 146, UCMJ, 10 U.S.C. § 946, consider recommending a change to R.C.M. 1107(f)(4)(F) requiring convening authorities to direct all administrative credit (but not actual pretrial confinement credit) in the action.

. We suggest the Code Committee consider recommending appropriate rule changes in this area as well. Fairness and ease of administration suggest a consistent approach for all forms of credit, to include actual pretrial confinement (Allen) credit, pretrial punishment (Suzuki) credit, illegal pretrial confinement (R.C.M. 305(k)) credit, and nonjudicial punishment (Article 15(f), UCMJ) credit.

. Reduction of any portion of forfeitures of pay which exceeds two-thirds pay per month should be automatic whenever there is release from confinement before expiration of a sentence. Nevertheless, Warner still requires relief when a convening authority fails to provide for reduced forfeitures during a period of suspension.

. We understand that the suspension was not vacated in appellant's case and that the remainder of his punishment was remitted after 12 months in accordance with the convening authority’s action. Notwithstanding the remission, we still consider 25 days of credit against suspended confinement to be meaningful.

 Corrected.