UNITED STATES, Appellee,

v.

Private E2 William E. RIMMER, Jr., 427–17–8877, United States Army, Appellant.

ACMR 9301400.

U.S. Army Court of Military Review.

17 May 1994.

For Appellant: Major Michael A. Egan, JAGC, Captain Clement B. Lewis III, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC; Captain Glenn L. Kirschner, JAGC, Captain Kenneth G. Wilson, JAGC (on brief).

Before WERNER, LANE, and RUSSELL, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for four months, and reduction to Private E1.

The appellant asserts that the military judge committed prejudicial error during the sentencing portion of the court-martial when he admitted, over defense objection, a DA Form 2627, Record of Proceedings under Article 15, UCMJ, that was incomplete in several particulars. The government concedes the error, but argues that admission of the document was harmless. We agree with the appellant.

We also take this opportunity to raise concerns over the rules—or, more properly, the lack thereof—governing the contents of the actions of convening authorities.

I. Incomplete DA Form 2627

■ The major flaw in the admitted document is that it lacks any indication of the appellant's election concerning appeal of the punishment. That is, there were no initials in any of the boxes contained in Part 7 of the questioned DA Form 2627. Because the appellant had signed Part 7, the military judge treated the lack of initials in the boxes as a waiver of the appeal option, and thus tantamount to indicating a desire not to appeal. But that is not the rule. An exhibit of previous misconduct containing deficiencies on its face is not qualified for admission into evidence. *United States v. Dyke*, 16 M.J. 426 (C.M.A.1983); *see also United States v. Negrone*, 9 M.J. 171 (C.M.A.1980). Furthermore, the military judge made no ruling as to the failure of the officer imposing the punishment to complete the "open/closed hearing" boxes in Part 4 of the form.

DA Form 2627 does not require a "rocket scientist" to complete properly. There are even instructions several places to "initial appropriate box, date, and sign." All it takes to properly complete the form is a modicum

of care and a desire to treat military justice matters with the seriousness they deserve. In failing to check whether he conducted an open or closed hearing, the imposing officer not only showed a lack of attention to detail but a slipshod attitude toward military justice matters. In failing to ensure that the appellant indicated his appellate desires, or that his refusal to do so was noted on the form, other personnel involved in this matter also acted in a slipshod manner.

This was "only an Article 15," but when it was offered at appellant's court-martial and used to argue for substantial punishment for a later offense on the grounds that appellant was a repeat offender, it became much more. The military judge was acutely aware of its contents [1] and thus we are satisfied that it played a part in the appellant's sentence. *See United States v. Williams*, 37 M.J. 972 (A.C.M.R.1993). Therefore, we have no choice but to find prejudice. *Id.*

## II. Convening Authority Action

The appellant spent seventy-one days in pretrial confinement, and is entitled to day-for-day credit for such against his sentence to confinement. *United States v. Allen*, 17 M.J. 126 (C.M.A.1984) [hereinafter *Allen* credit]. At trial, the parties litigated the conditions of that confinement and the propriety of both the magistrate and commander reviews thereof. The military judge awarded the appellant six days of additional credit for violations of the review provisions of Rule for Courts–Martial 305 [hereinafter R.C.M.] and two days of additional credit for "improper punishment," presumably under R.C.M. 304(f). *See United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983). In taking action, the convening authority directed that "[t]he accused will be credited with seventy nine [sic] days of confinement against the sentence to confinement."

Rule for Courts–Martial 1107(f)(4) prescribes the required contents of the convening authority's action relative to the sentence. Specifically, it directs the granting of confinement credit when the military judge has "directed that the accused receive credit

under R.C.M. 305(k)" for illegal pretrial confinement. R.C.M. 1107(f)(4)(F). Rule for Courts–Martial 305(k) concerns itself only with pretrial confinement irregularities under that rule. If one reads these rules restrictively, treating as proscribed that which is not specifically prescribed, the convening authority in this case should only have directed six days of credit. *See United States v. Dewald*, 39 M.J. 901, 902 n. 1 (A.C.M.R. 1994). *See also* Manual for Courts–Martial, United States, 1984, app. 16, Forms for Action 4, at A16–1 (the only form containing provision for confinement credit, citing to R.C.M. 305(k) and 1107(f)(4)(F) only).

The problem is that neither rule mentions *Allen* credit, nor credits for pretrial punishment (R.C.M. 304(f)/*Suzuki*) or prior nonjudicial punishment (Article 15(f), UCMJ). Does this mean that these credits are not to be directed in the convening authority's action? After the decision in *Allen* was published, The Judge Advocate General of the Army directed that *Allen* credit be directed in convening authority actions. Message, HQ, Dep't of Army, DAJA–CL 1984/5124, 181400Z Jan 84, subject: Credit for Pretrial Confinement, U.S. v. Allen. Shortly thereafter, that directive was rescinded, and staff judge advocates were advised to show credit for pretrial confinement on the report of result of trial. Message, HQ, Dep't of Army, DAJA–CL 1984/5130, 061000Z Feb 84, subject: Credit for Pretrial Confinement, U.S. v. Allen. Because of this, the implication for the Army is that R.C.M. 1107(f)(4)(F)'s silence with respect to *Allen* credit implicitly means that such is not to be directed in the convening authority's action. But, as seen in this case and in *Dewald*, this still leaves the other credits in a state of limbo as to the convening authority's action.

It is this lack of completeness, in a matter of importance to the proper administration of both military justice and military corrections, that concerns this court. We see too many variations in convening authority actions to believe that staff judge advocates are operating under a consistent set of rules, express or

---

1. He corrected counsel that the Article 15 was not only for possession, but for both possession and use of marijuana.

otherwise. Thus, we are concerned that confinement officials, who are directed by regulation to administratively adjust the beginning date of post-trial confinement to reflect time spent in pretrial confinement and "pretrial confinement credit" granted by proper authorities,[2] may be misled by local variances and will improperly credit or not credit sentences to confinement. Correction of this problem is a policy matter for The Judge Advocate General. While our brethren suggested that the Code Committee recommend a change to R.C.M. 1107, *Dewald,* at 902 n. 1, we believe this will be cumbersome and time consuming, requiring concurrence among the services. We recommend correction of this matter for the Army through the publication of a comprehensive regulatory rule. *See* Army Reg. 27–10, Legal Services: Military Justice, para. 5–27 (22 Dec. 1989).[3]

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

2. Army Reg. 633–30, Apprehension and Confinement: Military Sentences to Confinement, para. 4a (6 Nov. 1964) (C6, 28 Feb. 1989). This paragraph provides, in pertinent part:

    a. Beginning date. The date the sentence of a court-martial is adjudged will mark the beginning date of the sentence to confinement. If a prisoner served pretrial confinement for the offense(s) or act(s) for which the sentence was imposed, the beginning date will be administratively adjusted to reflect the time spent in pretrial confinement and any additional pretrial confinement credit ordered by the military judge, convening authority, or appellate court.

3. We also note that DA Form 4430–R, Department of the Army Report of Result of Trial, needs revision to ensure the proper recording of all awarded credit.