**UNITED STATES**

v.

**Senior Airman Richard A. GODDEN, FR261–81–1449 United States Air Force.**

**ACM S29134.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 14 Oct. 1995.

Decided 11 Sept. 1996.

Appellate Counsel for Appellant: Colonel Jay L. Cohen and Major Ormond R. Fodrea.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Major LeEllen Coacher.

Before DIXON, SCHREIER, and STARR, Appellate Military Judges.

## OPINION OF THE COURT

SCHREIER, Senior Judge:

Appellant pled guilty to a single use of marijuana and was sentenced by a military judge to a bad-conduct discharge and reduction to E–1. Appellant alleges that the military judge improperly admitted a record of nonjudicial punishment during the sentencing portion of trial. He also asserts his sentence is too severe. Finding no error, we affirm.

The certified record of nonjudicial punishment admitted at trial was maintained in the military justice files at the base legal office. Appellant was initially offered nonjudicial punishment under Article 15, UCMJ, approximately one month before charges were preferred in this case. However, the legal review of the finalized nonjudicial punishment action was completed only four days before appellant's court-martial. Appellant's trial defense counsel also represented him during the nonjudicial punishment proceedings.

■ Appellant claims that the record of nonjudicial punishment was not admissible, citing earlier authorities which held that records of nonjudicial punishment maintained in base legal office files were not personnel records and, as such, were not admissible. *See United States v. Bertalan*, 18 M.J. 501 (A.F.C.M.R.1984); *United States v. Elrod*, 18 M.J. 692 (A.F.C.M.R.1984); Manual for Courts–Martial, 1969, paragraph 75b(2). However, those holdings were based upon a narrower definition of personnel records found in then current Air Force regulations. *See* Air Force Manual 111–1, *Military Justice Guide* (Change 4), 13 May 1980, paragraph 5–13 (admissible records limited to those maintained in an Unfavorable Information File (UIF), by Central Base Personnel Office (CBPO), or in any part of the military personnel records system).

Rule for Courts–Martial (R.C.M.) 1001(b)(2) provides that during the presentencing procedure the trial counsel may introduce evidence of the accused's character of prior service from his personnel records. It further defines personnel records as "any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused." Air Force Instruction (AFI) 51–201, *Administration of Military Justice*, 28 July 1994, paragraph 8.5.3. now provides that records of nonjudicial punishment may be admitted from any file in which the record is properly maintained by regulation. The prior limitations to records in a UIF, CBPO, or within the military personnel records system have been removed. AFI 51–202, *Nonjudicial Punishment Guide*, 14 April 1994, authorizes the maintenance of nonjudicial punishment records in the base legal office files. We conclude that under current regulations a properly maintained record of nonjudicial punishment from base legal office files is admissible. There was no error.

■ Next, appellant alleges that Air Force Form 3070 documenting the nonjudicial punishment proceedings was not properly com-

pleted. *See United States v. Rimmer*, 39 M.J. 1083 (A.C.M.R.1994) (record missing election of appeal rights is not admissible). Specifically, he points to the absence of the typed signature block of the reviewing attorney and the dates the form was forwarded to other administrative offices for processing. Unlike *Rimmer*, these omissions did not affect any procedural due process rights of appellant. They are administrative trivia. While we do not countenance the administrative inattention here, we note that appellant fully acknowledged all his rights, a legal review of the document was completed, and only administrative processing by Finance and Personnel remained. Despite this missing information, we find that the document was properly maintained in the files and was admissible.

■ Finally, appellant urges that the document should have been excluded to punish the government for failing to disclose, in a timely fashion, the Form 3070 offered into evidence. Trial commenced just four days after the preferral of charges when appellant waived the statutory waiting period. Although the defense had made a discovery request before the preferral of charges, the government's response was made the night before trial. At that time the government included a copy of the Article 15 at issue from his personnel records. For some unexplained reason, the next day, the government instead offered the Article 15 from the military justice files. The defense protested this late "discovery" response on the morning of trial and requested the exclusion of the Article 15 as a sanction against the government for "switching" the source where the Article 15 was maintained. The defense further argued that the record of nonjudicial punishment was inadmissible because it was maintained in the base legal office files. Following a brief recess and argument by the parties, the military judge admitted the document.

■ The facts of each case must be individually evaluated to determine an appropriate remedy for a violation of the discovery mandate. *United States v. Dancy*, 38 M.J. 1, 6 (C.M.A.1993) (military judge denied a request for a mistrial as a sanction against the government for nondisclosure of discoverable material). Even intentional nondisclosure of discoverable evidence does not require that the evidence be excluded. *United States v. Trimper*, 28 M.J. 460, 469 (C.M.A.), *cert. denied*, 493 U.S. 965, 110 S.Ct. 409, 107 L.Ed.2d 374 (1989); *United States v. Callara*, 21 M.J. 259, 263 (C.M.A.1986).

■ While the military judge may prohibit the admission of a document as a sanction for intentional nondisclosure of discoverable material, we find nothing aggravating in this case to justify such an extreme step. The brief trial recess mitigated any delay in the government's providing the defense a copy of the record of nonjudicial punishment offered into evidence on the morning of trial. The defense did not request any additional delay and they presented credible, researched arguments on the admissibility of the offered document. The defense counsel was well aware of the existence of the nonjudicial punishment action, having just represented the appellant in that matter. Moreover, appellant has not alleged any particular disadvantage or prejudice as a result of this late response to a discovery request either at trial or before this Court. There is no indication that this nonjudicial punishment was initiated or rapidly finalized for purposes of enhancing the punishment at trial. Finally, imposition of sanctions is a discretionary, not a mandatory, act as implied by appellant. Therefore, the imposition of a sanction was not required or warranted in this case. R.C.M. 701(g)(3)(C); *United States v. Dancy*, 38 M.J. at 6. We find the military judge did not abuse his discretion in refusing to impose the requested sanction.

■ We have carefully considered appellant's military record, family situation, and his plea of guilty as well as his single use of marijuana. At the time of his offenses, appellant was 32 years old with seven years service. While the sentence to a bad-conduct discharge may appear harsh, it is not inap-

propriate. *United States v. Healy,* 26 M.J. 394, 395 (C.M.A.1988); *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A.1982).

We conclude that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to appellant's substantial rights occurred.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Chief Judge DIXON and Judge STARR concur.