****CORRECTED COPY – DESTROY ALL OTHERS****

# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

---

**No. ACM S32375**

---

## UNITED STATES
*Appellee*

**v.**

## Dennis D. BAILEY
Airman Basic (E-1), U.S. Air Force, *Appellant*

---

Appeal from the United States Air Force Trial Judiciary

Decided 22 May 2017

---

*Military Judge:* Shelly W. Schools.

*Approved sentence:* Bad-conduct discharge and confinement for 100 days. Sentence adjudged 19 November 2015 by SpCM convened at Whiteman Air Force Base, Missouri.

*For Appellant:* Major Melissa Biedermann, USAF.

*For Appellee:* Major Meredith L. Steer, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, SANTORO,[1] and C. BROWN *Appellate Military Judges*.

Judge SANTORO delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge C. BROWN joined.

---

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

---

[1] Judge Santoro took final action on this case prior to his retirement.

SANTORO, Judge:

At a special court-martial, Appellant pleaded guilty to absenting himself from his place of duty, failure to go, consuming alcohol while under the lawful drinking age (two specifications), disobeying an order (three specifications), resisting apprehension, and disorderly conduct, in violation of Articles 86, 92, 95, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 895, 934. Officer members sentenced him to a bad-conduct discharge and confinement for 100 days. The convening authority approved the sentence as adjudged.

Appellant raises two assignments of error: (1) three specifications are unreasonably multiplicious for sentencing, and (2) the military judge erred in admitting a sentencing exhibit. We disagree and affirm.

## I. BACKGROUND

Appellant's use and abuse of alcohol led to problems both on- and off-duty. He was repeatedly late to awaken and get to his duty section. His supervisor attempted to correct his behavior informally and, when that failed, issued him orders to be prepared for duty at certain times. Appellant failed to obey those orders and was found asleep in his bed at the prescribed times. On another occasion, his excessive drinking precipitated a law enforcement response to his erratic behavior. He was apprehended, but not before he disobeyed an order from the responding security forces member, physically resisted apprehension, and created a commotion that disrupted the dormitory area.

## II. DISCUSSION

### A. Unreasonable Multiplication of Charges

Among the charges and specifications to which Appellant pleaded guilty were that he disobeyed a security forces order to "stop moving around" by "continuing to walk around and swing his arms," resisted being apprehended by security forces, and was disorderly at the same time and place. Appellant contends that these three specifications unreasonably misrepresented and exaggerated his criminality.

Prior to entry of pleas, the military judge noted that the Defense had filed a motion for a bill of particulars. Although the Government responded, following arraignment trial defense counsel withdrew the request because Appellant intended to plead guilty to the specifications as drafted and confirmed that there were no unresolved issues with respect to the charges and specifications.

Thereafter Appellant entered an unconditional guilty plea. Even after the military judge accepted his pleas, Appellant never requested that the military judge merge the offenses for sentencing. *See United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001).

Rule for Courts-Martial (R.C.M.) 910(j) provides a "bright-line rule" that an unconditional guilty plea "which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made." *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009). "An unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings." *United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010). "While the waiver doctrine is not without limits, those limits are narrow and relate to situations in which, on its face, the prosecution may not constitutionally be maintained." *Id.* at 282. Additionally, "appellate consideration of multiplicity claims is effectively waived by unconditional guilty pleas, except where the record shows that the challenged offenses are 'facially duplicative.'" *United States v. Lloyd*, 46 M.J. 19, 20 (C.A.A.F. 1997). Although "a guilty plea does not foreclose or relinquish consideration of all legal issues . . . . [I]f the factual component of each offense said to be multiplicious is not shown to be the same, appellate review . . . is not required under [the] guilty plea waiver doctrine." *Lloyd*, 46 M.J. at 24 (citations omitted).

Although multiplicity and unreasonable multiplication of charges are distinct concepts, *United States v. Campbell*, 71 M.J. 19, 24 (C.A.A.F. 2012), our superior court has applied multiplicity waiver principles to the concept of unreasonable multiplication of charges. *See United States v. Gladue*, 67 M.J. 311, 313–14 (C.A.A.F. 2009) ("Although *Lloyd* only addressed multiplicity, we see no reason why the same caveat regarding express waiver or consent should not apply to the concept of unreasonable multiplication of charges, and therefore adopt it."). To the extent that waiver of unreasonable multiplication differs from waiver of multiplicity, because an accused may waive claims related to the constitutional principle of multiplicity, we believe it necessarily follows that he may also waive the non-constitutional, presidentially-created protection from unreasonably-multiplied charges.

We conclude that Appellant's unconditional guilty plea, coupled with trial defense counsel's explicit withdrawal of a request for a bill of particulars, waived appellate consideration of this issue. To the extent that appellate review is required under *Lloyd*, we further find that Appellant is entitled to no relief because the specifications at issue were not facially or factually duplicative. Although all of the conduct occurred at the same time and place, each specification required proof of an element not required by the others. When describing his actions during the *Care*[2] inquiry, Appellant himself identified different conduct that established the truth of each specification. He told the military judge that he walked away from and swung his arms at the security

---

[2] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

forces member (disobeying the order to "stop moving around"), that after being tasered and brought to the ground he physically resisted the application of handcuffs (resisting apprehension), and that while all of this was occurring he was yelling loudly enough to draw the attention of other Airmen in the area (disorderly conduct).

Finally, after considering the entire record, we decline to exercise our Article 66(c), UCMJ, 10 U.S.C. § 866(c), authority to modify the findings or sentence because of this claimed error. *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016).

## B. Sentencing Exhibit

The Government sought to introduce an Air Force Form 3070, *Record of Non-Judicial Punishment*, pursuant to R.C.M. 1001(b)(2) (records of accused's military efficiency, performance, and conduct). Trial defense counsel objected, arguing that the record was incomplete only because it was missing an attachment. The Government produced the attachment and trial defense counsel specifically disavowed having any other objections to the exhibit's admissibility. Despite his position at trial, Appellant now contends that the military judge erred in admitting the Form 3070 because it was missing the signature of the servicing general court-martial convening authority's staff judge advocate.

Although we ordinarily review a military judge's decision to admit sentencing evidence for an abuse of discretion, *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010), Appellant may not raise on appeal an error that was waived at trial. *Gladue*, 67 M.J. at 313; R.C.M. 1001(b)(2).[3] Such a waiver occurred here when Appellant recognized his ability to object to the exhibit's lack of completeness, lodged that objection but complained only of its missing an attachment, and once the complained-of error was cured raised no further objection. Appellant is therefore precluded from appellate review of this issue.[4]

---

[3] "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). When forfeiture occurs, we review for plain error. *United States v. Harcrow*, 66 M.J. 154, 156 (C.A.A.F. 2008).

[4] Even under a plain error analysis Appellant is entitled to no relief. The Sixth Amendment's right to confront witnesses does not apply to pre-sentencing proceedings, *United States v. McDonald*, 55 M.J. 173, 177 (C.A.A.F. 2001), and we discern no prejudice from what appears to have been, at most, an administrative oversight that did not affect Appellant's due process rights. According to the Government's exhibit, the record of non-judicial punishment had already been deemed "legally sufficient and . . . final" by

*United States v. Ahern*, 76 M.J. 194, 2017 CAAF LEXIS 292, at \*7 (C.A.A.F. 2017) (citing *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)).

### III. CONCLUSION

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

MICAH L. SMITH
Deputy Clerk of the Court

---

the special court-martial convening authority's staff judge advocate; the missing signature was one of "administrative supervisory review" after the action had already become final. *See, e.g.*, *United States v. Godden*, 44 M.J. 716, 718 (A.F. Ct. Crim. App. 1996) ("[A]bsence of the typed signature block of the reviewing authority and the dates the form was forwarded to other administrative offices . . . did not affect any procedural due process rights."); *United States v. Anderson*, 12 M.J. 539, 540 (A.F.C.M.R. 1981) (commander's failure to sign AF Form 3070 did not prejudice the accused).